JOHN P. DIDIER, Doing Business under the Name of DIDIER PUBLISHERS, Appellant, *v.* MACFADDEN PUBLICATIONS, INC., Respondent, et al., Defendants.

Order affirmed, with $20 costs and disbursements to the respondent, with leave to the plaintiff to serve an amended complaint within ten days after service of order, with notice of entry thereof, on payment of said costs.

VAN VOORHIS, J. (dissenting). The first cause of action in the complaint, as it seems to me, states a cause of action. The contract pleaded provides that defendant Macfadden Publications, Inc., assigns to plaintiff for the period of the copyright or any renewal or extension thereof, the sole and exclusive right to publish or have published in book form throughout the world a work presently entitled: "What Should I Do?", being a column of advice written by Miss Claudette Colbert and previously published in defendant's magazine entitled "Photoplay". It is further alleged in the complaint that defendant Macfadden Publications, Inc., has refused to permit the plaintiff to publish the work described in said contract and has threatened to bring injunction proceedings to

restrain plaintiff from doing so. The suit is for damages for breach of contract. The complaint has been dismissed upon the ground that no breach of contract by defendant Macfadden Publications, Inc., has been alleged.

The answer alleges as an affirmative defense that coincident with such contract an agreement was made in writing that the jacket of the proposed book and the proofs of the manuscript were to be approved by Claudette Colbert, which approval has not been granted. This presents what is evidently the main issue to be tried, but the complaint has been dismissed for insufficiency in law.

The defendant Claudette Colbert has not been served with the summons and complaint, and it is, therefore, unnecessary to consider the second cause of action which is addressed entirely to her.

Plaintiff has served a bill of particulars in accordance with a demand, which sets forth copies of letters from defendant Macfadden Publications, Inc., to plaintiff that are alleged to constitute the breach of contract. The first letter, dated March 11, 1947, states as follows:

"I have just received a letter from the firm of Jean Pettebone and Bob Wachsman representing Claudette Colbert requesting me to write you regarding their wish to end all negotiations concerning the possibility of a book to be published by you using material from Miss Colbert's column in Photoplay magazine.

"As you know, Photoplay has a contract with you in the event of such book publication. From my knowledge of the situation I am quite certain now that Miss Colbert will not give her final approval for such publication."

On April 21, 1947, plaintiff wrote to said defendant that plaintiff was going ahead with the publication of Claudette Colbert's "What Should I Do?" On April 25, 1947, plaintiff received a letter from the attorney for said defendant Macfadden Publications, Inc., stating that said letter of April 21st had been referred to him, and adding:

"Our examination of the contract and correspondence indicates that the publication of the book was conditioned upon the approval by Miss Colbert of the jacket and the proofs of the manuscript. It seems rather obvious you have no right to proceed until such approval is obtained.

"We trust that you will not make it necessary, by your disregard of this essential provision for us to proceed with injunction proceedings and an action to recover consequent damages."

This last letter clearly constituted a breach of the contract as it is alleged in the complaint, which is complete on its face and is not conditioned upon any approval by Miss Colbert. The reasonable interpretation of this letter is that the defendant Macfadden Publications, Inc., did not own the absolute title to the book rights which it assumed to transfer to plaintiff by the contract annexed to the complaint. These letters are certainly admissions against interest on the part of the defendant to that effect.

The complaint may have been inartistically drawn in alleging that "said defendant failed and refused to permit the plaintiff to publish the work described in said contract", rather than that the agreement was broken by defendant Macfadden Publications, Inc., in notifying plaintiff that it did not have the property rights in this literary work which it contracted to transfer; nevertheless the latter is comprehended in the allegation contained in the complaint as it stands, and it clearly appears from the said correspondence which has been included in the bill of particulars.

Although the complaint can be amended under the permission to do so contained in the order appealed from, I do not think that such an amendment

is necessary and vote to reverse the order and deny the motion by defendant Macfadden Publications, Inc., to dismiss the complaint.

Glennon, J. P., Cohn and Callahan, JJ., concur in decision; Van Voorhis, J., dissents in opinion in which Shientag, J., concurs.

Order affirmed, with $20 costs and disbursements to the respondent, with leave to the plaintiff to serve an amended complaint within ten days after service of order, with notice of entry thereof, on payment of said costs. No opinion. [See *post*, p. 876.]